IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MONDREA VINNING EL, Inmate )
#B63459, )
 )
      **Plaintiff,** )
 )
vs. )    **CIVIL NO. 05-570-DRH**
 )
JOHN EVANS, CHAPLAIN SUTTON, )
UNKNOWN COUNSELOR, UNKNOWN )
GRIEVANCE OFFICER, )
 )
      **Defendants.** )

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

Plaintiff, an inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

*Outstanding Motions*

Currently pending before the Court is Plaintiff's motion for temporary restraining order or in the alternative, a preliminary injunction to order defendants, employees at Pinckneyville Correctional Center, to serve Plaintiff vegan meals (Doc. 2). Plaintiff filed this motion on August 9, 2005, at the same time he filed his complaint. On October 28, 2005, Plaintiff filed "A Motion Under 41(a) Voluntary Dismissal" (Doc. 7). In this motion he stated that he had been moved from Pinckneyville Correctional Center to Menard Correctional Center and therefore his request for injunctive relief was now moot; he asked that the claim be dismissed. Ten days later, on November 7, 2005, Plaintiff filed a "Motion to Withdraw 41(a) Voluntary Dismissal" (Doc. 8). In this motion Plaintiff clarified that with the prior motion to dismiss he intended to withdraw only his motion for

temporary restraining order, but not his complaint for damages.  Accordingly, Plaintiff's motion to dismiss his motion for injunctive relief (Doc. 7) is **GRANTED** and Plaintiff's Motion for Temporary Restraining Order or Preliminary Injunction (Doc. 2) is **STRICKEN**.  Plaintiff's motion to withdraw the motion to dismiss (Doc. 8), because it really only clarifies the prior motion, is **DENIED** as moot.

### *Threshold Review*

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.   An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Upon careful review of the complaint and any supporting exhibits, the Court finds that none of the claims in the complaint may be dismissed at this point in the litigation.

Plaintiff states that he practices the Moorish American religion, which prohibits him from eating any meat or meat byproducts.  He states that defendants, Department of Corrections employees at Pinckneyville Correctional Center, would not provide him with vegan meals to accommodate his religious practices.  He states that as a result, he was forced to trade food with other inmates.  He states that by eating only the non-meat products served to him, he lost a

substantial amount of weight, had difficulty sleeping, experienced headaches, stomachaches, dizziness, constipation, and chronic fatigue.

The law is clear that a prisoner retains his or her First Amendment right to practice his religion, subject to prison regulations that do not discriminate between religions and are reasonably related to legitimate penological objectives. *O'Lone v. Estate of Shabazz,* 482 U.S. 342, 349 (1987); *Turner v. Safley,* 482 U.S. 78, 89 (1987); *Sasnett v. Litscher,* 197 F.3d 290, 292 (7th Cir. 1999). It is also well-settled that observance of religiously mandated dietary restrictions is a form of religious practice protected by the First Amendment. *Hunafa v. Murphy,* 907 F.2d 46, 47 (7th Cir. 1990)(citing cases). Accordingly, the Court is unable to dismiss Plaintiff's First Amendment claims regarding interference with his religious diet.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants ***John Evans and Chaplain Sutton***. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants ***John Evans and Chaplain Sutton*** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form. Service shall not be made on the Unknown (John Doe) Defendants until such time as Plaintiff has identified them by name on a USM-285 form and in a properly filed amended complaint. Plaintiff is **ADVISED** that it is

Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by

counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court.  He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED: February 21, 2006**

/s/   David   RHerndon
**DISTRICT JUDGE**