IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MONDREA VINNING EL,**

    **Plaintiff,**

v.

**JOHN EVANS, et al.,**

    **Defendants.**                                    Case No. 05-cv-570-DRH-CJP

## ORDER

**HERNDON, District Judge:**

        Now before the Court is the Report and Recommendation ("R&R") (Doc. 32) issued pursuant to **28 U.S.C. § 636(b)(1)(B)** by Magistrate Judge Proud, recommending that the Motion to Dismiss (Doc. 18), filed by defendants Warden John Evans and Chaplain Rick Sutton ("Defendants"), be granted. The R&R further states that Plaintiff's Section 1983 claims against the two Defendants be dismissed without prejudice, as "any possible claims against Evans and Sutton were not determined on their merits" (Doc. 32, p. 3). Lastly, the R&R concludes that as there are no remaining Defendants left in this case, the case should therefore be closed.[1]

        The thrust of Defendants' Motion and supporting memorandum (Docs. 18 & 19) argue that a dismissal is warranted pursuant to Federal Rule of Civil

---

[1] The R&R recommends that final judgment be entered, but this is not possible when a defendant is dismissed without prejudice.

Procedure 12(b)(6), because Plaintiff has failed to make any factual allegations regarding Defendants in his Complaint to meet the Rule 12(b)(6) threshold for showing that Defendants did anything to violate his constitutional rights.  In other words, Defendants argue that it is not merely sufficient to list a party in the caption as a "defendant" in order to properly state an actionable claim against that party (Doc. 19, p. 2, citing **Collins v. Kibort, 143 F.3d 331, 334 (7th Cir. 1998)**).

Plaintiff, acting *pro se*, filed a Response (Doc. 20), arguing that his Complaint made it through threshold review and therefore, if Defendants' argument is well-taken, he should at least be allowed to amend his Complaint.  Additionally, Plaintiff states that these Defendants were mentioned in his grievances (regarding events from which his Complaint arises); the grievances are not a part of his Complaint, however.

Upon review of the parties' briefs and the related pleadings, the Magistrate Judge determined that Defendants' legal arguments were well-taken.  The Complaint did not include any allegations whatsoever against Defendants regarding a constitutional violation(s) against Plaintiff (Doc. 32, p. 2, citing **Wolf-Lillie v. Sonquist, 699 F.2d 864, 869 (7th Cir. 1983)("Section 1983 creates a cause of action based upon personal liability and predicated upon fault.  An individual cannot be held liable in a [Section] 1983 action unless he caused or participated in an alleged constitutional deprivation."); Potter v. Clark, 497 F.2d 1206, 1207 (7th Cir. 1974)("Where a complaint alleges no specific act or conduct on**

**the part of the defendant and that complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints.")**).

The R&R was sent to the parties with a notice informing them of their right to appeal by way of filing "objections" within ten days of service.  (*See* Doc. 32-2.)  To date, none of the parties have filed objections, and the period in which to file objections has expired.  Therefore, pursuant to **28 U.S.C. § 636(b)**, this Court need not conduct a *de novo* review of this matter.  ***Thomas v. Arn*, 474 U.S. 140, 149-52 (1985)**.  Thus, the Court **ADOPTS** the R&R in its entirety.  Defendants' Motion to Dismiss (Doc. 18) Plaintiff's Complaint (Doc. 1) is hereby **GRANTED**.  Plaintiff's claims against the remaining defendants Evans and Sutton are hereby **DISMISSED WITHOUT PREJUDICE**.  Accordingly, all remaining pending motions (Docs. 22 & 24) in this case are hereby **FOUND MOOT**.  The Clerk is directed to close the file.

**IT IS SO ORDERED.**

Signed this 26th day of February, 2007.

/s/     David    RHerndon
**United States District Judge**