`         IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MONDREA VINNING EL,**          )
                                 )
      Plaintiff,          )
                                 )
V.                               )    Civil No. **05-570-DRH**
                                 )
**JOHN EVANS, et al.,**          )
                                 )
      Defendants.         )

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is plaintiff's motion to compel the defendants to produce the documentation and information sought in requests for production numbers 2-4, propounded on or about April 15, 2008. **(Doc. 43).** The defendants have responded, generally reasserting the objections they timely lodged as to the subject discovery requests. **(Doc. 47).** Each contested discovery request will be addressed in turn.

Request number 2 seeks all menus for 2005. Defendants object to the relevance of the request and contend that the request is overly burdensome, in that there were 1,095 meals served during that year. This action pertains to plaintiff being served meat or a meat by-product at virtually every meal, which conflicts with his religion, which requires that he abstain from eating meat; as a result, plaintiff claims to have lost a large amount of weight and experienced other adverse health affects. **(Doc. 38).** The menus are clearly relevant. The defendants' assertion that the production of the menus is too burdensome is not well taken in this age of computers and copying machines. Therefore, the defendants must produce the requested menus.

Request number 3 seeks copies of plaintiff's medical records. The defendants correctly

1

observe that plaintiff is able to obtain copies of his medical records through the prison system.[1] If plaintiff cannot afford to pay to have those records copied, he may review the records and take notes, but he must follow the institutional procedures for gaining access to his medical records.[2] Therefore, the Court will not compel the defendants to comply with request number 3.

Request number 4 seeks documentation reflecting why plaintiff was transferred from Pinckneyville Correctional Center. Plaintiff contends he was transferred in retaliation for filing this action. A review of the record confirms that there is no retaliation claim in the amended complaint. (*See* **Doc. 38**). Therefore, the defendants' objection to the relevance of documentation regarding plaintiff's transfer is well taken and they need not comply with request number 4.

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel **(Doc. 43)** is **GRANTED IN PART AND DENIED IN PART**. On or before **February 6, 2009**, the defendants shall comply with request number 2 and produce all menus for 2005 that are within their custody and/or control. The defendants need not comply with requests 3 and 4.

**IT IS SO ORDERED.**

**DATED: January 22, 2009**

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**

---

[1] Although the defendants are employees of the Department of Corrections, they are sued in their individual capacities.

[2] The Illinois Department of Corrections is not a party to this action, so the Court cannot order the Department to turnover plaintiff's medical records.