IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MONDREA VINNING-EL, )
)
    Plaintiff, )
)
V. ) Civil No. **05-570-DRH**
)
JOHN EVANS, et al., )
)
    Defendants. )

# REPORT AND RECOMMENDATION

**PROUD, Magistrate Judge:**

Before the Court is plaintiff Mondrea Vinning-El's motion for summary judgment relative to his claims against defendants Warden John Evans and Chaplain Rick Sutton. **(Doc. 44).** The defendants have filed a joint response **(Doc. 51)**, to which plaintiff has replied **(Doc. 52)**. This Report and Recommendation is respectfully submitted to Chief United States District Judge David R. Herndon, pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C).

The Amended Complaint **(Doc. 38)** alleges that while plaintiff Vinning-El was incarcerated at Pinckneyville Correctional Center in 2005 he was denied the vegan[1] diet required by his religion, the Moorish Science Temple. Plaintiff explains that the Washitaw Tribe to which he belongs strictly adheres to admonitions in the Bible, Quran and Circle 7 Holy Book against eating meat or meat byproducts. According to plaintiff, Chaplain Sutton personally refused plaintiff's request for a religious diet, and Warden Evans approved that decision.

---

[1] Plaintiff states that he follows the teachings of Budda and that Buddists are "vegetarian," and that "vegan is a tenet" of his faith, and he asks for a "vegan" diet. **(Doc. 38, pp. 5-6).**

1

Plaintiff describes losing a substantial amount of weight and suffering other adverse health affects because he was served meat at virtually every meal during the relevant time period. Plaintiff argues that the denial of the vegan diet required by his religion is a violation of his rights under the First Amendment to the Constitution.

In support of his motion for summary judgment, plaintiff submits an affidavit stating in toto: "That everything outlined in the motion for summary judgement against Chaplain Sutton and Warden John Evans is true." **(Doc. 44, p. 7).** He also submits several grievances and administrative responses, including the following:

1. A grievance dated March 15, 2005, reflecting that his written request to the chaplain for approval of a religions/vegan diet had not been fulfilled, to which plaintiff's counselor responded that, per Chaplain Sutton, plaintiff was to be added to the chaplain's call line so they could personally discuss the issue; the grievance was deemed to have been addressed, and Warden Evans' signature (with initials next to it) is affixed in concurrence **(Doc. 44-2, pp. 1-2)**;

2. A grievance initiated in April 2005, indicates plaintiff had written to the chaplain several times about receiving the vegan diet required by his religion, to which a counselor directed plaintiff to send a request to the chaplain; the grievance was denied and Warden Evans' signature (with initials next to it) is affixed in concurrence **(Doc. 44-2, pp. 3-5)**;

3. A grievance lodged in May 2005 explains that multiple written requests to the chaplain requesting a religious/vegan diet have been unsuccessful; the counselor's response states that, although plaintiff is a recognized member of the Moorish Science Temple, members are not required to be placed on a vegan diet; and the grievance officer's explanation for denial reflects that, according to Chaplain Sutton, the Moorish Science Temple does not require a vegan diet; Warden Evans' signature (with initials next to it) is affixed in concurrence **(Doc. 44-2, pp. 6-7)**; and

4. A letter from the Illinois Department of Corrections Administrative Review Board ("ARB") indicating the denial of the grievance was upheld and reflecting that the ARB had contacted Chaplain Sutton, who told them that the Moorish Science Temple Religion has no special diet **(Doc. 44-2, p. 9)**

2

Plaintiff's motion states that Chaplain Sutton's decision to deny him a vegan diet was due to a "lack of awareness." **(Doc. 44, p. 3).** With regard to Warden Evans, plaintiff notes that as warden, Evans makes the ultimate decision on grievances and either personally signs the grievances or has a designee do so. **(Doc. 44, p. 3).**

In response, the defendants contend that plaintiff has failed to make the requisite showing that his religious exercise has been substantially burdened by his inability to receive meals in accordance with his religion's dietary rules. More specifically, defendants argue: "plaintiff's practice of Moorish Science Temple cannot be substantially burdened–rendered effectively impracticable–by the inability to receive a diet that his designated religion does not require or observe." **(Doc. 51. P. 4).** In his affidavit, Chaplain Sutton explains that his Chaplain's Handbook indicates the Moorish Science Temple religion does not require any special diet, but the Illinois Department of Corrections offers adherents a non-pork diet. **(Doc. 51-2, p. 2).** The affidavit further states:

> I was of the opinion that inmate Vinning-El's request for a vegan tray was based on his erroneous belief that the Moorish Science Temple required its followers to be vegans, rather than Vinning-El's sincere personal belief that, although he was not required to be a vegan, he felt he needed to be a vegan to practice his religion. Therefore, I did not recommend inmate Vinning-El be approved for a vegan diet. However, I was available to Vinning-El to further discuss the Moorish Science Temple faith so that he could provide additional information to me regarding his beliefs. Vinning-El never contacted me.

**(Doc. 51-2. P. 2).**

The defendants have submitted documentary evidence confirming that plaintiff's declared religion was Moorish Science Temple. **(Doc. 51-2, pp. 4-5).** They also submit excerpts from the Chaplain's Handbook regarding the Moorish Science Temple of America, which do not indicate or suggest that there are any dietary requirements. **(Doc. 51-2, pp. 6-8).** No affidavit or

3

other evidence specific to Warden Evans was submitted by the defendants.

In reply, plaintiff notes that defendant Evans has not proffered an affidavit. Plaintiff also questions the authoritativeness of the Chaplain's Handbook regarding his religious/dietary beliefs, and how the chaplain's "opinion" could trump plaintiff's own assertions regarding the requirements of the Moorish Science Temple religion. Chaplain Sutton's veracity is also called into question, in that grievances detailed above indicate Sutton was going to put plaintiff on his call line so the dietary issue could be discussed but, according to plaintiff, he and the chaplain never spoke.

## Standard for Summary Judgment

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **Fed.R.Civ.P. 56(c);** *see Celotex Corp. v. Catrett,* **477 U.S. 317, 322 (1986);** *Spath v. Hayes Wheels Int'l-Ind., Inc.,* **211 F.3d 392, 396 (7th Cir. 2000).** In determining the existence of a genuine dispute of material fact, the Court construes all facts in the light most favorable to the nonmoving party and draws all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.,* **477 U.S. 242, 255 (1986);** *Spath,* **211 F.3d at 396.**

If the moving party meets its burden, the nonmoving party has the burden "to go beyond the pleadings and affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact which requires trial." *Borello v. Allison,* **446 F.3d 742, 748 (7th Cir. 2006) (internal quotation marks and citations omitted);** *Celotex,* **477 U.S. at 322-26;** *Johnson v. City of Fort Wayne,* **91 F.3d 922, 931 (7th Cir. 1996).** This Court must "view the

4

record and all inferences drawn from it in the light most favorable to the [non-moving party]." *Holland v. Jefferson Nat. Life Ins. Co.*, 883 F.2d 1307, 1312 (7th Cir. 1989). Summary judgment will be denied where a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Hedberg v. Indiana Bell Tel. Co.*, 47 F.3d 928, 931 (7th Cir. 1995).

### Analysis

With respect to plaintiff's claim under the Free Exercise Clause of the First Amendment:

> The free exercise inquiry asks whether government has placed a substantial burden on the observation of a central religious belief or practice and, if so, whether a compelling governmental interest justifies the burden. It is not within the judicial ken to question the centrality of particular beliefs or practices to a faith, or the validity of particular litigants' interpretations of those creeds.

*Hernandez v. C.I.R.* 490 U.S. 680, 699 (1989) (internal citations omitted). "[T]he guarantee of free exercise is not limited to beliefs which are shared by all of the members of a religious sect." *Id.* at 715-716. Free exercise of religion includes "the right to believe and profess whatever religious doctrine one desires." *Employment Division, Dept. Of Human Resources of Oregon v. Smith*, 494 U.S. 872, 877 (1990). Nevertheless, the Court of Appeals for the Seventh Circuit has recognized that the sincerity of plaintiff's beliefs are also subject to scrutiny because prisoners have been known to adopt unusual religious practices solely to harass prison personnel. *See Reed v. Faulkner*, 842 F.2d 960, 963 (7th Cir. 1988).

The linchpin of the defense in this action is the sincerity of plaintiff's belief that the Moorish Science Temple religion requires a vegan diet. Whether a religious belief is sincerely held is a question of fact best left to a jury to resolve. It is not a question suited to resolution by the Court at the summary judgment stage. *See Murphy v. Missouri Department of Corrections,*

5

**372 F.3d 979, 983 (8th Cir. 2004) (holding that "a sincerely held religious belief is a factual determination, so we must not quickly dismiss such claims on summary judgment by concluding that those beliefs are not genuine.").** A jury will have to make what amounts to a credibility determination and decide whether plaintiff's claimed religious belief regarding a vegan diet is in fact sincere. This is not a question of law for the Court, and a reasonable jury could decide the issue either way. Therefore, summary judgment would be inappropriate.

In addition, this Court notes that additional material questions of fact remain regarding Warden Evans. It appears that someone signed the warden's name to the grievance forms, because there are small initials near the signature; therefore the warden may not have been aware of plaintiff's efforts to secure a vegan diet. There are no other allegations or evidence linking the warden to the alleged constitutional violation. *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir.1983), stressed that "Section 1983 creates a cause of action based upon personal liability and predicated upon fault. An individual cannot be held liable in a [Section] 1983 action unless he caused or participated in an alleged constitutional deprivation." **See also McBride v. Soos, 679 F.2d 1223, 1227 (7th Cir. 1982).** Accordingly, liability under Section 1983 cannot be based on the doctrine of *respondeat superior*. **See Sanville v. McCaughtry, 266 F.3d 724, 740 (7th Cir. 2001).** "However, a defendant's direct participation in the deprivation is not required. An official satisfies the personal responsibility requirement of [S]ection 1983 if she acts or fails to act with a deliberate or reckless disregard of plaintiff's constitutional rights, or if the conduct causing the constitutional deprivation occurs at her direction or with her knowledge and consent." *Rascon v. Hardiman*, **803 F.2d 269, 273-274 (7th Cir. 1986).** At this juncture, these questions regarding personal involvement cannot be answered relative to Warden Evans.

**Recommendation**

For the aforementioned reasons it is this Court's recommendation that plaintiff's motion for summary judgment **(Doc. 44)** be denied, as material questions of fact relative to each defendant and the basis of plaintiff's First Amendment claim remain and preclude entry of summary judgment.

**DATED: January 23, 2009**

                                               **s/ Clifford J. Proud**
                                               **CLIFFORD J. PROUD**
                                               **U. S. MAGISTRATE JUDGE**

**Notice of Response Deadline**

In accordance with 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 6(e), the parties shall file any objections to this report and recommendation on or before **February 9, 2009**.