IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **MONDREA VINNING EL,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil No.  **05-570-DRH** |
| | ) | |
| **JOHN EVANS, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

**PROUD, Magistrate Judge:**

Before the Court is plaintiff's motion to: (1) compel the defendants to respond to  (a) interrogatories No. 1 and No. 4, and (b) to request for admission No. 2 directed to defendant Evans; and (2) compel Illinois Department of Corrections officials at Menard Correctional Center  to allow plaintiff to inspect his medical records.  **(Doc. 60).**   The defendants have responded and provided the Court with copies of the relevant discovery requests.  **(Doc. 61).** Each matter will be addressed in turn.

### <u>Interrogatories No. 1 and No. 4</u>

The defendants have conceded that plaintiff's First Amendment claim can be construed as including an argument regarding equal protection, which undermines their previous objection to the relevance of interrogatories No. 1 and No. 4.  Therefore, defendants have agreed to respond to interrogatories No. 1 and No. 4.   Therefore, plaintiff's motion will be granted, in that the defendants shall respond to interrogatories No. 1 and No. 4 if they have not already done so.

**Request for Admission No. 2**

Request for Admission No. 2 asks defendant Evans to: "Admit that with regard to the initials on the side of your signature on the denial of the plaintiff['s] grievances, you agree with the decision rendered (concerning this litigation)."  Defendant Evans "admits his signature is affixed to Plaintiff's grievances by an authorized designee.  Defendant denies he was personally involved in reviewing the grievances."  Plaintiff now argues that Evans has failed to admit or deny the question asked, that Evans agrees with the decisions to deny the grievances.

As drafted, defendant Evans' response is entirely adequate.  The clause "Admit that *with regard to the initials on the side of your signature* on the denial of the plaintiff['s] grievances" changes the basic question regarding whether Evans agreed with the decisions, which is a question that could have been asked irrespective of whether Evans signed or initialed the signature line concurring with the decision.  Federal Rule of Civil Procedure 36 provides that the answering party may offer such a qualified response.  The response fairly meets the substance of the request.  Therefore, plaintiff's motion to compel is denied with respect to Request for Admission No. 2.

**Access to Medical Records**

Plaintiff indicates that he has written to medical staff and submitted grievances, all aimed at gaining access to his medical records– all to no avail.  Defendants,note that they are not the individuals controlling plaintiff's medical records.  Defense counsel indicates that he called prison officials and was informed that a request slip or sick call slip addressed to "medical records" would gain plaintiff the access he desires, and copies may be purchased.

The Court generally cannot compel non-parties.  It appears that plaintiff has simply failed

to comply with the proper procedures.  Therefore, plaintiff's motion will be denied, in that the Court will not compel prison officials to grant him access to his medical records.  Although the Court agrees plaintiff is entitled to access to his records, he must comply with the prescribed prison procedures.

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel **(Doc. 60)** is **GRANTED IN PART AND DENIED IN PART**, as detailed in this order.

**IT IS SO ORDERED.**

**DATED: September 18, 2009**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**
