IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MONDREA VINNING EL,

    Plaintiff,

v.

JOHN EVANS and
CHAPLAIN SUTTON, et al.,

    Defendants.                    Case No. 05-cv-570-DRH-CJP

## ORDER

**HERNDON, District Judge:**

The Court raises this matter, *sua sponte*, as part of its inherent power to manage its docket. Defendants' Motion for Summary Judgment is pending. (Doc. 63). Plaintiff timely filed a response. (Doc. 67). Neither Defendants' Motion for Summary Judgment or Plaintiff's Response addresses the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc *et seq*. In particular, neither party addresses whether RLUIPA's "substantial burden" test is applicable to this case.

The 7th Circuit recently stated that "[o]ur sister circuits have held, and we agree, that a prisoner who does not plead a RLUIPA violation specifically, but does allege unconstitutional restrictions on religious practice, states a claim under the statute." ***Ortiz v. Downey*, 561 F.3d 664, 669 (7th Cir. 2009)**. While stated in the context of the court's review of a threshold dismissal of the plaintiff's complaint, the

court's blanket statement does not appear limited to such situations. In a subsequent case, the court seemingly reinforced the blanket applicability of RLUIPA's substantial burden test by stating that "[s]ection 1983 First Amendment, RLUIPA, and [the Illinois Religious Freedom Restoration Act] claims all use the substantial burden test to determine whether a violation of a plaintiff's religious free exercise rights has occurred." **Nelson v. Miller, 570 F.3d 868, 877 (7th Cir. 2009)**.

Thus, the Court **ORDERS** the parties to submit briefs addressing the following issues: (a) RLUIPA's applicability or lack thereof to this case; and (b) the extent to which the cases of **Nelson v. Miller** and **Ortiz v. Downey** cited above along with **Koger v. Bryan, 523 F.3d 789 (7th Cir. 2008)** control this case. The briefs are due thirty days from the date of this Order in accordance with Local Rule 7.1(c) and Federal Rule of Civil Procedure 6. Additionally, the briefs should be no longer than twenty (20) double-spaced typewritten pages in accordance with Local Rule 7.1(d).

**IT IS SO ORDERED.**

Signed this 22nd day of September, 2009.

/s/     DavidRHerndon
**Chief Judge**
**United States District Court**