IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MONDREA VINNING EL,**

    **Plaintiff,**

**v.**

**JOHN EVANS and**
**CHAPLAIN SUTTON, et al.,**

    **Defendants.**                                       **Case No. 05-cv-570-DRH-CJP**

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

### I. Introduction

Before the Court is a Motion for Summary Judgment (Doc. 63), filed by defendants John Evans and Rick Sutton ("Defendants"), to which Plaintiff has filed his opposing Response (Doc. 67). Plaintiff, an inmate in custody with the Illinois Department of Corrections ("IDOC"), filed suit against Defendants pursuant to **42 U.S.C. § 1983** alleging violations of this First Amendment and Fourteenth Amendment rights regarding events occurring while Plaintiff was housed at Pinkneyville Correctional Center ("Pinkneyville") (Doc. 38 - First Amended Complaint). Specifically, Plaintiff alleges that Defendants denied his request to be

placed on a vegan diet, which he claims is required as part of his religious practices as a member of the Moorish Science Temple, in violation of the free exercise clause of the First Amendment.

Initially, Plaintiff moved for summary judgment (Doc. 44). In an Order dated March 22, 2009 (Doc. 58), the Court adopted the Report and Recommendation (Doc. 55), ultimately finding that Plaintiff was not entitled to summary judgment, as questions of material fact remained regarding whether defendant Evans had any personal involvement in the issues to warrant section 1983 liability, as well as whether Plaintiff was "sincere" in his religious beliefs (requisite in order to establish that Defendants placed a substantial burden upon the exercise of his religious beliefs). Thereafter, Defendants moved for summary judgment, assuming that Plaintiff had shown his freedom of religious exercise had been "substantially burdened," they offered that their actions for doing so were reasonably related to legitimate penological interests.

In response to Defendants' Motion, the Court issued an Order *sua sponte* (Doc. 72), citing the case of **Ortiz v. Downey, 561 F.3d 664, 669 (7th Cir. 2009)**, for its holding that "a prisoner who does not plead a [Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA")] violation specifically, but does allege unconstitutional restrictions on religious practice, states a claim under the statute." Following, the Court cited another recent Seventh Circuit case, **Nelson v. Miller, 570 F.3d 868, 877 (7th Cir. 2009)**, for its holding that the substantial

burden test applied to both section 1983 First Amendment Claims as well as RLUIPA claims in determining whether a violation of a plaintiff's religious free exercise rights has occurred. Thus, the Court allowed the Parties thirty days to submit briefs addressing the following: (1) RLUIPA's applicability or lack thereof to this case; and (2) the extent to which the cases of **Nelson v. Miller** and **Ortiz v. Downey**, along with **Koger v. Bryan, 523 F.3d 789 (7th Cir. 2008)**, control this case. These briefs were to be considered by the Court along with Defendants' Motion for Summary Judgment. The Parties have now submitted their respective briefs addressing the issues as noted by the Court (*see* Docs. 73 & 74). The Court can now properly address Defendants' Motion for Summary Judgment.

## II.  Discussion

### A.  Legal Standard

Summary judgment is proper where the pleadings and affidavits, if any, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **FED. R. CIV. P. 56(c);** *Oats v. Discovery Zone*, **116 F.3d 1161, 1165 (7th Cir. 1997) (citing** *Celotex Corp. v. Catrett*, **477 U.S. 317, 322 (1986))**. The movant bears the burden of establishing the absence of fact issues and entitlement to judgment as a matter of law. *Santaella v. Metro. Life Ins. Co.*, **123 F.3d 456, 461 (7th Cir. 1997) (citing** *Celotex*, **477 U.S. at 323)**. This Court must consider the entire record, drawing reasonable inferences and resolving factual disputes in favor of the non-movant. *Regensburger v. China*

*Adoption Consultants, Ltd.*, 138 F.3d 1201, 1205 (7th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)); *see also Smith v. Hope School*, 560 F.3d 694, (7th Cir. 2009) ("[W]e are not required to draw every conceivable inference from the record . . . we draw only reasonable inferences.") (citations omitted).  Summary judgment is also appropriate if a plaintiff cannot make a showing of an essential element of his claim.  *Celotex*, 477 U.S. at 322.  While the Court may not "weigh evidence or engage in fact-finding" it must determine if a genuine issue remains for trial.  *See Lewis v. City of Chicago*, 496 F.3d 645, 651 (7th Cir. 2007).

In response to a motion for summary judgment, the non-movant may not simply rest on the allegations in his pleadings; rather, he must show through specific evidence that an issue of fact remains on matters for which he bears the burden of proof at trial.  *Walker v. Shansky*, 28 F.3d 666, 670-71 (7th Cir. 1994), *aff'd*, 51 F.3d 276 (citing *Celotex*, 477 U.S. at 324).  No issue remains for trial "unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not sufficiently probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted); *accord Starzenski v. City of Elkhart*, 87 F.3d 872, 880 (7th Cir. 1996); *Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 178 (7th Cir. 1994).  In other words, "inferences relying on mere speculation or conjecture will not suffice."  *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th

Cir. 2009) (citation omitted); *see also Anderson*, 477 U.S. at 252 ("The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]."). Instead, the non-moving party must present "definite, competent evidence to rebut the [summary judgment] motion." *EEOC v. Sears, Roebuck & Co.*, 233 F.3d 432, 437 (7th Cir. 2000) (citation omitted).

**B.  Analysis**

    **1.  RLUIPA**

RLUIPA prohibits prisons receiving federal funds (including state correctional facilities) from imposing a substantial burden on an inmate's religious exercise unless prison officials can demonstrate such imposition was the least restrictive means of furthering a compelling governmental interest. *See Koger*, 523 F.3d at 796 (citing 42 U.S.C. § 2000cc-1(a)(1)-(2)). The plaintiff will thus bear the initial burden of proof to establish that "(1) he seeks to engage in an exercise of religion, and (2) that the challenged practice substantially burdens that exercise of religion." *Id.* (citing 42 U.S.C. § 2000cc-2(b)). Once the plaintiff can establish his prima facie case of a substantial burden, the burden of proof then shifts to the defendant, who may then show that the practice which was alleged to have substantially burdened the plaintiff's exercise of religion was the least restrictive means of furthering a compelling governmental interest. *Id.* (citation omitted). In *Nelson*, the Seventh Circuit determined that liability in either a prison official's

official or individual capacity did not exist for monetary damages under RLUIPA. **See Nelson, 570 F.3d at 885, 889**. Thus, the only relief available is injunctive relief.

Here, Defendants agree that via the *Ortiz* opinion, Plaintiff has sufficiently alleged facts necessary to state a claim under RLUIPA for violation of his freedom of religious exercise. Specifically, for substantially burdening his ability to maintain a vegan diet, which he believes is required of his faith as a member of the Moorish Science Temple. The undisputed facts show that since Plaintiff was transferred from Pinckneyville, he began receiving vegan meals. Therefore, his request for injunctive relief is moot. Plaintiff does not contest this assertion. However, "a defendant's voluntary cessation of a challenged practice does not necessarily moot a case," as there is the possibility for the need of prospective relief. **Nelson, 570 at 882**. However, the possibility that Defendants may resume the complained-of conduct at a later time must be shown to be more than speculative; Plaintiff must show there "exists some cognizable danger of recurrent violation." **Id. (inmate currently received a non-meat diet and could offer no evidence that the correctional facility intended to revoke the diet; and noting that future litigation of the matter would seem as a "significant deterrent" for the facility to revoke the religious diet)**. Defendants argue Plaintiff cannot show any evidence warranting prospective injunctive relief in this case. He is receiving a vegan diet and offers nothing more than speculation that it may be revoked in the future. Therefore,

Defendants move for summary judgment on his RLUIPA claim as there is no relief left available for Plaintiff to seek under this statute – he cannot seek individual or official capacity monetary damages, and there is no further injunctive relief to grant as he is currently receiving a vegan diet.

The Court agrees with Defendants' argument and thus finds them entitled to summary judgment on Plaintiff's RLUIPA claim.

### 2. Section 1983 Claim for Violation of the First Amendment Free Exercise Clause

What now remains of Plaintiff's suit is his claim for violation of his First and Fourteenth Amendment rights under the free exercise clause.  Again, Defendants explain that they move for summary judgment based on the assumption that Plaintiff has made a prima facie showing that he was substantially burdened.  As such, Defendants believe that their arguments and evidence set forth in their summary judgment motion meets their burden of proof: that the regulations which substantially burdened Plaintiff's right to receive a vegan diet for religious reasons were "reasonably related to a legitimate penological interest."  However, the Court finds that this is no longer the burden of proof required regarding a claim of violation of the free exercise clause of the First Amendment.

Instead, the Court reads the Seventh Circuit's opinion in **Nelson** as applying RLUIPA's heightened burden of proof – requiring a defendant to show that the imposition of the substantial burden upon a plaintiff was the least restrictive means of furthering a compelling government interest – to Section 1983 free exercise

claims. *See Nelson*, 570 F.3d at 880 ("Because the district court found no substantial burden on [the plaintiff's] religious exercise, it did not analyze whether defendant's procedures and conduct were in furtherance of a compelling government interest and the least restrictive means of furthering that compelling government interest under Section 1983, RLUIPA and IRFRA.") (internal quotes omitted); *see also* at 889 ("[B]efore the district court can enter a declaratory judgment or assess damages for [the plaintiff] on either of [his Section 1983 individual capacity and IRFRA] claims, the district court must determine (1) whether defendant's procedures and conduct were in furtherance of a compelling government interest and the least restrictive means of furthering that compelling government interest; and (2) whether [the defendant] is entitled to qualified immunity.") (internal quotes omitted).

Due to the Court's reading of *Nelson* and the fact that Defendants only offer a "reasonably related" analysis, instead of a "compelling interest" analysis regarding Plaintiff's Section 1983 free exercise claim, Defendants are not entitled to summary judgment at this time. In addition, the Court finds that qualified immunity does not apply to shield Defendants from liability, in accordance with the Seventh Circuit's finding in *Koger*, which parallels the facts of the instant case. *Koger*, 523 F.3d at 802-03. However, because Defendants have indicated in their Response to Plaintiff's Motion for Damages, that they can meet the compelling interest burden at trial (*see* Doc. 76, p. 2), the Court finds the circumstances warrant allowing

Defendants thirty days from the date of this Order, to file an amended summary judgment motion regarding Plaintiff's Section 1983 free exercise claim, in light of the Court's reading of *Nelson* herein, if they so elect. Should Defendants file said motion, Plaintiff shall then have the appropriate time to file an opposing response, in accordance with the time limits imposed by **Southern District of Illinois Local Rule 7.1**. Also in accordance with this local rule, Defendants should note the Court does not favor replies unless the filing party can show exceptional circumstances for doing so.

### III. Conclusion

Defendants' Motion for Summary Judgment (Doc. 63) is hereby **GRANTED IN PART AND DENIED IN PART**. Specifically, Defendants are granted summary judgment in their favor regarding Plaintiff's RLUIPA claim and are denied summary judgment regarding Plaintiff's Section 1983 claim.

As previously discussed, Defendants are further allowed an additional thirty (30) days from the date of this Order to file an amended summary judgment motion, if they so elect, which applies the appropriate standard for Section 1983 claims as stated in *Nelson*. Should Defendants elect to file said this amended motion, Plaintiff shall then be allowed to file his opposing response thereto.[1]

Should no motion be filed within that time, the Court will proceed to set

---

[1] The Court will either determine Plaintiff's pending Motion for Damages (Doc. 75) along with Defendants' amended summary judgment motion or, if no such motion is filed, Plaintiff's Motion will be addressed before setting the final pretrial conference.

this matter for a final pretrial conference.

**IT IS SO ORDERED.**

Signed this 16th day of February, 2010.

/s/   *DavidRHerndon*

**Chief Judge
United States District Court**