IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MONDREA VINNING-EL,

    Plaintiff,

v.

JOHN EVANS and
CHAPLAN SUTTON, et al.,

    Defendants.                                              No. 05-cv-570-DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

    Before the Court is plaintiff's motion to continue trial and reopen discovery (Doc. 134). Defendant opposes plaintiff's motion (Doc. 136). Plaintiff's trial is currently set for July 2, 2012. Plaintiff, who has acted *pro se* since the inception of the instant controversy, seeks a continuance of 120 days, as he very recently retained the assistance of *pro bono* counsel and the existing discovery is inadequate (*See* Doc. 128). In addition to a continuance, plaintiff specifically seeks the following discovery:

    (1) Depositions of persons with knowledge regarding the claims and defenses in this case;

    (2) Document requests and requests for admission related to the claims and defenses in this case or related to defendant Sutton's communications or actions regarding actions taken by inmates to adhere to their religious beliefs;

    (3) Interrogatories related to the same subject matters described in (2), where plaintiff has up to 11 interrogatories to serve upon defendant Sutton;

(4) Discovery from third parties, such as prison officials at IDOC facilities other than Pinkneyville, that is related to the claims and defenses in this case,

(5) Retention of expert witnesses on plaintiff's religious beliefs and the injuries and damages related to his claims.

Although this case has been pending since 2005, plaintiff cites recent court actions and undersigned counsel's recent retention, as necessitating the reopening of discovery at such a late date. For example, the Court's ruling of February 2, 2012, holding defendant Sutton was not protected by qualified immunity, led the Court to set the instant controversy for trial. Thus, a final pretrial conference was held (Doc. 117) and final pretrial order entered (Doc. 118). However, plaintiff's undersigned counsel argues that the lack of discovery in this case led to the final pretrial order's improper preclusion of certain recoverable damages.

Plaintiff cites his diligent attempts to pursue discovery, despite his incarceration and *pro se* status, as warranting a continuance and reopening of discovery. Plaintiff argues that despite his diligence, he has been unable to depose a single witness. Further, plaintiff argues his documentary discovery is severely inadequate, as he does not possess numerous grievances, requests forms, call passes, documentary evidence of attendance at religious ceremonies, and related documentation that is in the possession of the various institutions that have incarcerated him during relevant periods. The documents, plaintiff argues, are relevant to plaintiff's commitment to a vegan diet. Plaintiff additionally states he has 11 interrogatories to serve upon defendant Sutton that are relevant to Sutton's decision process in denying plaintiff his vegan tray. Finally, plaintiff states additional discovery as to defendant Sutton's decision process is required,

as plaintiff must prove reckless disregard to enable an award of punitive damages. *See Estate of Moreland v. Dieter,* 395 F.3d 747, 756 (7th Cir. 2005).

As to the possible prejudice a continuance and reopening of discovery could cause defendant, plaintiff states that at a recent "meet-and-confer," defendant did not provide any reason, such as the possible loss of witnesses, that such continuance and reopening of discovery would cause him harm. Further, plaintiff argues that defendant Sutton's retirement provides him ample availability for a re-scheduled trial. Thus, plaintiff generally argues that the need to fully develop his claims and damages outweighs what little prejudice a continuance may cause defendant.

Defendant responds that the Court should deny plaintiff's motion to reopen discovery, as it is unfair and prejudicial to defendant for plaintiff to wait until discovery is completed, dispositive motions have been ruled upon, and a hearing on qualified immunity has been held, to then retain counsel. Defendant states that counsel can rely upon the preexisting discovery in support of plaintiff's claims. Thus, defendant argues that plaintiff's late retention of counsel should not warrant a continuance and reopening of discovery. Further, to the extent plaintiff claims that defendant Sutton's retirement renders him available for a re-scheduled trial, defendant disagrees.

The Court has broad discretion to continue trial and reopen discovery as part of its power to control its docket and promote fair outcomes in a case. *Daniel J. Hartwig Assoc., Inc. v. Kanner*, 913 F.2d 1213, 1222 (7th Cir. 1990) (citations omitted) ("The decision to grant or deny a motion for continuance falls within the sound discretion of the trial court."); *Patton v. MFS/Sun Life Fin.*

*Distrib., Inc.*, 480 F.3d 478, 490 (7th Cir. 2007) (citations omitted) (denial of motion to reopen discovery reviewed for abuse of discretion). The Court finds a continuance and reopening of discovery is warranted. Despite the age of this case, recent developments require additional preparation and discovery for plaintiff to adequately prepare for trial. Plaintiff has explained at length why the existing discovery is inadequate.

Defendant argues plaintiff should have retained counsel earlier. The Court cannot comment as to the motives behind plaintiff's recent retention of *pro bono* counsel and defendant cannot point to any specific prejudice such continuance and reopening of discovery would cause. Plaintiff's previous *pro se* status and current incarceration have indisputably hampered his ability to conduct necessary and relevant discovery. Thus, due to the inadequacies of the existing discovery and plaintiff's recent retention of counsel, the Court **GRANTS** plaintiff's motion to continue trial and reopen discovery (Doc. 134). The trial currently set for July 2, 2012, is continued until **Monday, November 26, 2012, at 9:30 a.m.** Additionally, the Court sets the matter for a second final pretrial conference to be held on **Thursday, October 18, 2012, at 2:30 p.m.** If counsel for plaintiff would like plaintiff to attend the final pretrial conference, he should request a video writ or writ as needed.

   **IT IS SO ORDERED.**

   Signed this 19th day of June, 2012.

Digitally signed by David R. Herndon
Date: 2012.06.19 11:23:04 -05'00'

**Chief Judge**
**United States District Court**