## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

MONDREA VINNING-EL,

        **Plaintiff,**

vs.                           No.  05-CV-0570-DRH

RICK SUTTON,

        **Defendant.**

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

### Introduction and Background[1]

Pending before the Court is defendant's motion to bar plaintiff's expert (Doc. 151). Specifically, defendant moves the Court to bar plaintiff's expert, Dr. Annalynn Skipper, arguing that plaintiff did not make the requisite disclosures to defendant within the timeframe mandated by Federal Rule of Civil Procedure 26 in that he received the expert's report on January 17, 2013. Plaintiff opposes the motion (Doc. 157). Based on the following, the Court grants the motion.

This is an action under federal civil rights law, 42 U.S.C. § 1983, for the alleged violation plaintiff's constitutional right to worship freely. In 2005, plaintiff

---

[1] The Court notes that the background is a synopsis of what has happened in this old case. The background centers around the timeframe in which plaintiff's counsels entered their appearances.

was an inmate at the Pinckneyville Correctional Center. During this time, he claims that he was a member of the Moorish Science Temple of America faith and that his religious faith required him to maintain a vegan diet, which means he could not eat meat or dairy products. In 2005, Pinckneyville provided vegan diets to religious inmates if the inmate received approval for such a diet from the staff.   Defendant Rick Sutton was the chaplain at Pinckneyville in 2005. Plaintiff claims that Sutton violated the First Amendment by denying him a vegan diet despite his faith's requirements, resulting in physical and emotional injuries.   Thereafter, plaintiff filed suit on August 9, 2005 (Doc. 1).

On March 22, 2012, the Court held a Final Pretrial Conference in this matter and set this matter for jury trial on July 2, 2012 (Doc. 117).   At this time, plaintiff was proceeding pro se as he had been throughout the entire case (even throughout the appeal to the Seventh Circuit).   On May 22, 2012, attorney Vikas K. Didwania entered his appearance on behalf of plaintiff (Doc. 128).   On June 6, 2012, attorney Mark R. Filip appeared on behalf of plaintiff (Docs. 132 & 133). Thereafter, on June 11, 2012, plaintiff filed a motion to continue trial and reopen discovery due to inadequate discovery (Doc. 134).   Defendants opposed the motion (Doc. 136). On June 19, 2012, the Court granted the motion, set the matter for another final pretrial conference on October 18, 2012 and set the matter for trial for November 26, 2012 (Doc. 137).

On October 9, 2012, the parties filed a joint motion to continue trial (Doc. 144).   The parties moved to continue the trial seeking more time to complete

outstanding discovery requests/issues (due to defendant's former counsel leaving the Attorney General's office and defendant's current counsel Adam Eisenstein's, assignment to the case) and to prepare for trial.   The Court granted the motion, continued the trial to February 25, 2013 and reset the final pretrial conference for January 7, 2013 (Doc. 146).   On January 2, 2013, the parties filed a joint motion to continue final pretrial conference (Doc. 149).   The parties requested more to complete discovery.   That same day, the Court granted the motion and continued the final pretrial conference to February 5, 2013 (Doc. 150).

Prior to the final pretrial conference, defendant filed this motion to bar on February 1, 2013 (Doc. 151).   The Court held the final pretrial conference on February 5, 2013 (Doc. 153) During the final pretrial conference, the Court directed plaintiff to respond to the motion to bar by February 11, 2013 and asked plaintiff to attach the expert's report.   The Court entered the Final Pretrial Order on February 6, 2013 (Doc. 154).   Plaintiff filed the response on February 11, 2013 (Doc. 157).

Discussion

Pursuant to Rule 26(a)(2) a party must disclose to the other parties the identity of any witness it may use at trial to present evidence and must make these disclosures at the times and in the sequence that the court orders. Fed.R.Civ.P. 26(a)(2)(D). Rule 26(a)(2)(B) requires expert witness disclosures to include, *inter alia*, a complete statement of all opinions the witness will express and the basis and reasons for them." Fed.R.Civ.P. 26(a)(2)(D). Rule 26(a)(2)(D) also requires that, absent a court order, a disclosure must be made "(i) at least 90 days before the date

set for trial or for the case to be ready for trial or (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure." Fed.R.Civ.P. 26(a)(2)(D).

Rule 37 provides in pertinent part that if a party fails to identify a witness as required by Rule 26(a) or 26(e), the party is not allowed to use that witness to supply evidence at a trial "unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1). The determination of whether a late expert witness disclosure should be allowed is entrusted to the district court. *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003). The Seventh Circuit has set forth four factors to guide the district court's analysis: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date. *Id.*

Here, the Court finds that the disclosure of the expert is clearly untimely. Plaintiff asserts that defendant has been aware of his intention to call a medical expert since his June 13, 2012 motion to continue trial and to reopen discovery as that pleading contained a request to retain expert witnesses (Doc. 134). The Court finds that merely mentioning that one is going to hire/find an expert does not provide the kind of disclosure require by Rule 26. In addition, the joint motion to continue trial filed on October 9, 2012 does not mention the need to provide the expert's report (Doc. 144), nor does it ask the Court for additional time to do so.

Further, in the joint motion to continue the final pretrial conference filed on January 2, 2013, there was no mention of the expert disclosure nor for additional time (Doc. 149).   In fact, Dr. Skipper's report is not dated until January 16, 2013 and her report does not disclose when plaintiff's counsel contacted her or when she first received the materials which she reviewed.   The plaintiff has not provided any justification for the late disclosure only a nominal suggestion that it shouldn't be a surprise.

The Court finds that defendant clearly is prejudiced in his efforts to defend against this testimony by the late disclosure.   This case is too old and there have been too many delays to now continue this matter one more time.   It would be one thing if plaintiff had indicated in the above mentioned continuance requests that Dr. Skippper's report was forthcoming and that plaintiff needed more time.   Likewise, if the plaintiff provided the Court with something to ponder regarding the incredible difficulties he or his expert have had in putting together what was necessary for the expert to provide what was needed, all beyond either's control.   Plaintiff, it would appear, failed to disclose in a timely manner for the reason he did not want defendant to know about the expert too soon and wanted to disclose Dr. Skipper at the last minute.

In summary, as numerous courts have found, deadlines have meaning and consequences. *Spears v. City of Indianapolis,* 74 F.3d 153, 158 (7th Cir.1996) (noting the district court's adherence to "sound policy" in stating, "If the court allows litigants to continually ignore deadlines and seek never ending extensions

without consequence, soon the court's scheduling orders would become meaningless."); *Parker v. Freightliner Corp.*, 940 F.2d 1019, 1024 (7th Cir.1991) (discussing barring the use of expert testimony and stating that "[j]udges must be able to enforce deadlines."); *Wilson v. Sundstrand Corp.*, 2003 WL 259139, at *2 (N.D.Ill.2003) ("Any purported problem created by the pendency of expert disclosure ... was well known to the defendant; ... Rule 26(b)(2)(C) is crystal-clear about the expert disclosure schedule that applies if the Court does not set its own."); *Amari v. C.R. England, Inc.*, 2010 WL 2943686, at *3 (S.D.Ind.2010) ("Failing to provide information before a deadline results in disqualification of the use of that information.... Moreover, 'exclusion of non-disclosed evidence is automatic and mandatory ... unless nondisclosure was justified or harmless.' ") (internal citation and citation omitted); *Finwall v. City of Chicago*, 239 F.R.D. 494, 503 (N.D.Ill.2006) ("Deadlines such as those envisioned by Rule 26(a) (2)(B) and 37(c)(1) are essential to the maintenance of a smooth and orderly flow of cases") (citations omitted).

The Federal Rules provide with exacting specificity the deadline for disclosing a rebuttal expert. Plaintiff did not meet that deadline, and, in consequence, the plaintiff is barred from presenting testimony of Dr. Annalynn Skipper at trial.

## <u>Conclusion</u>

Accordingly, the Court **GRANTS** defendant's motion to bar plaintiff's expert (Doc. 151).   The Court **BARS** the testimony of plaintiff's expert Dr. Annalynn Skipper.

**IT IS SO ORDERED.**

Signed this 14th day of February, 2013.

Digitally signed by David R. Herndon
Date: 2013.02.14 12:48:02 -06'00'

**Chief Judge**
**United States District Court**